### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE REDFIELD, | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| ICONIX BRAND GROUP, INC., BOB GALVIN, JUSTIN BARNES, PETER CUNEO, DREW COHEN, and JAMES MARCUM, | : **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
| Defendants. | : |

Plaintiff, by her attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to herself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1. On June 11, 2021, Iconix Brand Group, Inc. ("Iconix" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Iconix Acquisition LLC ("Parent") and Iconix Merger Sub Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Iconix's outstanding common stock for $3.15 in cash per share. The Tender Offer is set to expire on July 30, 2021.

3. On July 2, 2021, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Iconix common stock.

9. Defendant Iconix is a Delaware corporation. Iconix's common stock is traded on the NASDAQ under the ticker symbol "ICON."

10. Defendant Bob Galvin is President, Chief Executive Officer, and Chairman of the Board of Directors of Iconix (the "Board").

11. Defendant Justin Barnes is a member of the Board.

12. Defendant Peter Cuneo is a member of the Board.

13. Defendant Drew Cohen is a member of the Board.

14. Defendant James Marcum is a member of the Board.

15. Defendants identified in ¶¶ 10-14 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

16. Iconix owns, licenses and markets a portfolio of consumer brands including: CANDIE'S ®, BONGO ®, JOE BOXER ®, RAMPAGE ®, MUDD ®, MOSSIMO ®, LONDON FOG ®, OCEAN PACIFIC ®, DANSKIN ®, ROCAWEAR ®, CANNON ®, ROYAL VELVET ®, FIELDCREST ®, CHARISMA ®, STARTER ®, WAVERLY ®, ZOO YORK ®, UMBRO ®, LEE COOPER ®, ECKO UNLTD. ®, MARC ECKO ®, ARTFUL DODGER ®, and HYDRAULIC®.

17. On June 11, 2021, Iconix's Board caused the Company to enter into the Merger Agreement with Parent and Purchaser.

18. The press release announcing the Proposed Merger provides as follows:

Iconix Brand Group, Inc. (Nasdaq: ICON) ("Iconix" or the "Company") today announced it has entered into a definitive agreement and plan of merger to be acquired by Iconix Acquisition Corp., an affiliate of Lancer Capital, LLC ("Purchaser"), in an all-cash transaction that values Iconix at approximately $585 million, including net-debt.

"Today's announcement represents the culmination of a year-long examination by our Board of Directors of strategic alternatives for the Company," said Bob Galvin, Chief Executive Officer. "After a thorough and deliberative examination of all potential strategic alternatives, the Board of Directors determined that the transaction with Lancer provides the best value for our stockholders. We expect that Iconix will continue developing its brands and supporting its partners as a private company."

Upon the terms and subject to the conditions of the agreement, Purchaser will commence a tender offer to acquire all of the outstanding shares of Iconix's common stock for $3.15 per share, in cash. The offer price per share of common stock represents a premium of 28.6% over Iconix's closing share price on June 10, 2021, the last trading day prior to announcement and a premium of approximately 46.5% over the 30-day average volume weighted share price for the period ended June 10, 2021.

Shares not tendered in the offer will be acquired in a second-step merger at the same cash price as paid in the offer. Closing of the transaction is conditioned upon, among other things, satisfaction of a minimum tender condition, clearance under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary

closing conditions. Upon completion of the transaction, Iconix will become a private company. Iconix currently expects the transaction to close before the end of the third quarter of 2021.

The Iconix board of directors has unanimously approved the transactions contemplated by the agreement, and determined that the agreement and the transactions contemplated by the agreement, are fair to, and advisable and in the best interests of the Company and its stockholders, and recommends the Company's stockholders tender their shares in the offer.

Ducera Partners is serving as financial advisor, and Dechert LLP is serving as legal counsel to Iconix. The Purchaser is being advised by Latham & Watkins LLP. Purchaser has obtained a debt financing commitment from Silver Point Capital.

19. On July 2, 2021, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

### Financial Projections

20. The Recommendation Statement fails to disclose material information regarding the Company's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

21. The Recommendation Statement fails to disclose the line items used to calculate the financial projections.

### Financial Analyses

22. The Recommendation Statement fails to disclose material information regarding the analyses performed by Ducera Partners LLC ("Ducera"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

23. Regarding Ducera's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the line items used to calculate unlevered free cash flows; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates; and (iv) the cash flows related to the OpCo Assets and the Securitization Assets.

<u>Background of the Proposed Merger</u>

24. The Recommendation Statement fails to disclose whether Iconix signed any confidentiality agreements containing don't ask, don't waive provisions.

25. The Recommendation Statement also fails to disclose the terms all proposals submitted to or by Iconix.

26. The omitted information, if disclosed, would significantly alter the total mix of information available to Iconix's stockholders.

## COUNT I

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

27. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

28. Section 14(e) of the Exchange Act states:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

29. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

30. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

31. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

32. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

33. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

34. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

35. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

36. Accordingly, defendants violated Section 14(e) of the Exchange Act.

37. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

**Claim Against Defendants for Violation of 14(d) of the Exchange Act**

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

40. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

41. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

42. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

43. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

44. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

45. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

46. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Constellation within the meaning of Section 20(a) of the Exchange Act as alleged herein.

48. Due to their positions as directors of Constellation and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

51. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

52. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

53. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by

their acts and omissions as alleged herein.

54. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

55. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: July 16, 2021                                    **GRABAR LAW OFFICE**

                                                  By: _____
                                                        Joshua H. Grabar (#82525)
                                                        One Liberty Place
                                                        1650 Market Street, Suite 3600
                                                        Philadelphia, PA 19103
                                                        267-507-6085
                                                        jgrabar@grabarlaw.com

                                                        *Counsel for Plaintiff*